1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9   FEDERAL NATIONAL MORTGAGE                No. C 12-1560 CW
    ASSOCIATION, its assignees and/or
10  successors,                              ORDER GRANTING
                                             PLAINTIFF'S MOTION
11          Plaintiff,                       TO REMAND AND
                                             GRANTING
12      v.                                   DEFENDANTS'
                                             APPLICATION TO
13  JUANA INES TELLO, JESSE TELLO,           PROCEED IN FORMA
    REINA TELLO, and DOES 1-10,              PAUPERIS
14  inclusive,

15          Defendants.

16  ═══════════════════════════════/

17

18      On March 28, 2012, Defendants Juana Ines Tello and Jesse

19  Tello removed this case from the San Francisco County Superior

20  Court and moved for leave to proceed in forma pauperis (IFP).

21  From the face of the application it appears that Defendants meet

22  the financial requirements to proceed IFP and the application to

23  proceed IFP is granted.

24      On April 6, 2012, Plaintiff Federal National Mortgage

25  Association moved for remand.  Opposition to the motion to remand

26  was due on April 20, 2012, but has not been filed.  On May 3,

27  2012, Plaintiff re-noticed its motion to remand.  The Court has

28

United States District Court
For the Northern District of California

reviewed the removed complaint and concludes that it must be remanded.

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). For removal to be proper, there must be federal question jurisdiction or diversity jurisdiction. Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983). District courts have federal question jurisdiction over civil actions arising under the United States Constitution, or the laws or treaties of the United States. 28 U.S.C. § 1331. District courts have diversity jurisdiction over civil actions when they are between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

This removed case is a residential unlawful detainer action following a non-judicial foreclosure. It contains one cause of action for unlawful detainer, which arises exclusively under state

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

law.  In their notice of removal, Defendants argue that
foreclosure was improper because Plaintiff did not have the
authority to foreclose on their home.  It appears that Defendants
are alleging that federal jurisdiction exists under the Federal
Debt Collection Act, 15 U.S.C. §§ 1692(c) through (g).  However,
"[t]he presence or absence of federal-question jurisdiction is
governed by the well-pleaded complaint rule, which provides that
federal jurisdiction exists only when a federal question is
presented on the face of the plaintiff's properly pleaded
complaint.'"  Rivet v. Regions Bank of La., 522 U.S. 470, 475
(1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386
(1987)).  A federal defense is not part of a plaintiff's properly
plead statement of his or her claim.  Id. (citing Metropolitan
Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).  A case,
therefore, may not be removed to federal court based on a federal
defense "even if the defense is anticipated in the plaintiff's
complaint, and even if both parties admit that the defense is the
only question truly at issue in the case."  Franchise Tax Bd., 463
U.S. at 14; see Rivet, 522 U.S. at 475.

     Because the only possible federal issue in this case involves
a defense, federal question jurisdiction is lacking.

     The complaint alleges that Plaintiff seeks damages in an
amount not to exceed $10,000.  Because the amount in controversy
is less than $75,000, diversity jurisdiction is lacking.  See St.
Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938)
(the status of the case as disclosed by the plaintiff's complaint
is controlling for purposes of removal).

1     Because there is no federal question or diversity
2  jurisdiction, this Court lacks subject matter jurisdiction over
3  this case and it must be remanded.

4                          CONCLUSION
5     For the foregoing reasons, the Court grants Defendants'
6  application to proceed IFP and grants Plaintiff's motion to remand
7  this case to the San Francisco County Superior Court (docket nos.
8  3, 6).

9
10    IT IS SO ORDERED.

11
12 Dated:  5/29/2012                     _____
13                                        CLAUDIA WILKEN
                                          United States District Judge